**W.J. ANTHONY, Director of the California Department of General Services, Plaintiff,**

**v.**

**Arthur BLECH, etc., et al., Defendants.**

**No. CV 90–4538 AWT.**

United States District Court,
C.D. California.

March 26, 1991.

Daniel E. Lungren, Atty. Gen., N. Eugene Hill, Asst. Atty. Gen., Henry G. Ulle-

rich, Supervising Deputy Atty. Gen., Anne Hunter, and Christopher C. Foley, Deputy Attys. Gen., Los Angeles, Cal., for plaintiff.

Arthur N. Greenberg, Peter J. Niemiec, Carol W. Davies, Greenberg, Glusker, Fields, Claman & Machtinger, Los Angeles, Cal., for defendants.

## MEMORANDUM DECISION

TASHIMA, District Judge.

This is an action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA). 42 U.S.C. § 9601 *et seq.* Plaintiff seeks to recover costs incurred in removing asbestos dust from leased office space in a commercial building. Defendants, the owners of the building, have moved to dismiss for failure to state a claim. F.R.Civ.P. 12(b)(6). The court grants the motion, concluding that CERCLA does not provide a cause of action for asbestos removal from commercial buildings.

## I. FACTS

Plaintiff is W.J. Anthony, the Director of the California Department of General Services (DGS). DGS is an agency of the State of California empowered to hire, lease or purchase any real or personal property for the use of any state agency. Defendants are Commonwealth Enterprises, a California limited partnership, the owner of a property known as the CNA Building, and Arthur Blech, the sole general partner of Commonwealth Enterprises (defendants).

DGS leased office space from defendants in the CNA Building for the use of various state agencies. On March 2, 1989, a fire erupted at the CNA Building, resulting in the exposure and release of asbestos building material into the office space.

DGS contracted with licensed hazardous materials/asbestos abatement and decontamination consultants to test the air quality on all of the floors it had leased. This testing showed unhealthful quality on each of the leased floors due to asbestos contamination. Asbestos surface dust contamination on property belonging to state agencies, such as files, computers, typewriters, furniture, records and other personalty rendered the use, movement or removal of the property unsafe. Due to the health hazard posed by the asbestos contamination, DGS evacuated and relocated all state employees who had been stationed in the CNA Building. DGS requested that defendants decontaminate the asbestos-contaminated areas. When defendants refused, DGS hired its own environmental consultants to handle the job.

Plaintiff then commenced this CERCLA action to recover the costs incurred in decontaminating its office space.[1]

## II. ISSUE

The sole issue is whether CERCLA provides a right of action by a tenant against the owner of a commercial building to recover costs incurred in removing asbestos dust resulting from fire damage within the building.[2]

## III. DISCUSSION

The resolution of this motion turns, to a great extent, on the interpretation of a recent Ninth Circuit decision, *3550 Stevens Creek Assoc. v. Barclays Bank*, 915 F.2d 1355 (9th Cir.1990) (*Stevens Creek*). In

1. In addition to the CERCLA claim, plaintiff pleaded several pendent state law claims. John K. Van De Kamp, Attorney General of the State of California, as relator, also brought two separate claims under state law in which he alone was the plaintiff. On October 9, 1990, the court dismissed Van De Kamp's pendent party claims. *See Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1990). The court also dismissed DGS' pendent state law claims on the ground that they were more closely related to Van De Kamp's claims than to the CERCLA claim. Thus, the only remaining claim is the CERCLA claim.

2. The familiar standard under which this Rule 12(b)(6) motion must be determined is whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Gobel v. Maricopa County*, 867 F.2d 1201, 1203 (9th Cir.1989) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

*Stevens Creek*, the Ninth Circuit held that CERCLA does not permit a private party to recover its response cost for removal of asbestos installed in a commercial building. Defendants contend that *Stevens Creek* precludes plaintiff from stating a claim under CERCLA. Plaintiff, however, claims that *Stevens Creek* does not apply to the facts of this case.

### A. The Statutory Language of CERCLA

CERCLA "generally imposes strict liability on owners and operators of facilities at which hazardous substances were disposed." *Id.* at 1357. A private party may recover its "response costs" for clean-up of hazardous wastes from any liable party. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in part:

(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for—

(A) all costs of removal or remedial action incurred by the United States Government or a state or an Indian tribe not inconsistent with the national contingency plan;

(B) any other necessary costs of response incurred by any other person consistent with the national contingency plan. . . .

The present action is an action under § 107(a)(1)(A) since it seeks to recover from "the owner and operator of a ... facility" the "costs of removal or remedial action incurred ... by a state."

Section 104(a)(3)(B), 42 U.S.C. § 9604(a)(3)(B), is the only provision in CERCLA directly addressing the removal of substances which, like asbestos, are part of the structure of a building. That section provides:

The President shall not provide for a removal or remedial action under this section in response to a release or a threat of release—

. . . . .

(B) from products which are part of the structure of, and result in exposure within, residential buildings or business or community structures. . . .

### B. The Stevens Creek Decision

In *Stevens Creek*, the plaintiff sought to recover costs incurred in the voluntary removal of asbestos during the remodeling of a commercial building. The plaintiff, who was the present owner of the building, filed a § 107(a)(2)(B) action against the bank that owned the building at the time the asbestos-containing materials had been installed.

The issue in *Stevens Creek* was whether CERCLA permitted recovery of response costs for the asbestos removal. The defendant argued: (1) that it did not "dispose" of a hazardous substance within the meaning of § 107(a)(2); and (2) that under § 104(a)(3)(B), removal of building materials containing asbestos was outside the scope of CERCLA.

The Circuit concluded that the plaintiff had not stated a claim under CERCLA. First, the court construed the term "disposal" to include only "an affirmative act of discarding a substance as waste" and not "the productive use of the substance." 915 F.2d at 1362 (citations omitted). Since the defendant had installed the asbestos as a building material, it had not "disposed" of the asbestos within the meaning of § 107(a)(2). Second, the Circuit concluded

that even apart from the "disposal requirement," "there was no basis for inferring Congress' intent to create such a far-reaching private cause of action under section 107(a)." *Id.* at 1363.

In arriving at this conclusion, the court analyzed the legislative intent behind § 104(a)(3)(B), the only section of CERCLA which discusses hazardous substances as building materials. The court focused specifically on the Senate Report which discussed § 112(b) of Senate Bill 51. Section 112(b) contained the same language that is now codified in § 104(a)(3)(B) of CERCLA. That report states:

> Specifically, [the Bill] makes clear the exclusion from remedial or removal action of a release or threat of release ...—from products which are part of the structure, of, and result in exposure within a facility.... The Environmental Protection Agency has received requests to take removal or remedial action in situations where the contamination was from the building materials used in the structure and was creating an indoor hazard. This section would clarify that such situations are not subject to remedial or removal action.

S.Rep. No. 11, 99th Cong., 1st Sess. 16–17 (quoted in *Stevens Creek,* 915 F.2d at 1364). Based on that legislative history, the court concluded that:

> [w]hether or not Senate Report No. 11 is an authoritative guide to the legislative intent underlying this section [§ 104(a)(3)(B) ], the legislative history is devoid of evidence of a Congressional intent to authorize a private cause of action for recovery of response costs for the removal of asbestos from a building. In the absence of clear evidence of Con-

gress' intent to create a private cause of action, we decline to imply one. *Id.* at 1364–65.[3]

### C. Application of Stevens Creek

There are several distinctions between *Stevens Creek* and the case at bar. First, *Stevens Creek* was an action under § 107(a)*(2)* (A). In contrast, the case at bench is an action under § 107(a)*(1)* (B). Second, *Stevens Creek* concerned the voluntary removal of asbestos from a building during remodeling. The instant case concerns the removal of asbestos dust resulting from fire damage within the building. Plaintiff contends that each of these distinctions renders *Stevens Creek* inapplicable to the case at bar.

#### 1. Disposal Requirement

In *Stevens Creek,* the court interpreted § 107(a)(2)(B). Subsection (2) of § 107(a) renders liable "any person *who at the time of disposal* of any hazardous substance owned or operated any facility *at which such hazardous substances were disposed of.*" (Emphasis added.) In contrast, subsection (1)—the subsection at issue here— renders liable "the owner and operator of a vessel or a facility." This subsection mentions nothing about "disposal." In *Stevens Creek* the court based its holding, in part, on the fact that the defendant had not "disposed" of the asbestos within the meaning of § 107(a)(2). Thus, plaintiff contends that *Stevens Creek* should not apply here since subsection (1) contains no disposal requirement.

Although plaintiff's interpretation appears, at first blush, to be consistent with the language of subsection (1), when the statute as a whole is considered, the absence of a disposal requirement in subsection (1) may be understood. First, as the Ninth Circuit noted, Congress initially de-

---

**3.** In arriving at this holding, the court did not find it necessary to decide whether § 104(a)(3)(B) limits parties other than the President. The court considered the section as part of the legislative history of CERCLA. However, the court did note that at least one other case had construed the section "as a substantive limitation on the breadth of CERCLA itself." *Stevens Creek,* 915 F.2d at 1364 n. 19 (citing *First*

*United Methodist Church,* 882 F.2d 862, 868–69 & n. 9 (4th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990)). *See also Retirement Community Developers, Inc. v. Merine,* 713 F.Supp. 153 (D.Md.1989) (§ 104(a)(3)(B) prevents private parties from recovering removal costs of asbestos building materials).

signed CERCLA to impose strict liability "on owners and operators of facilities at which hazardous substances were disposed." *Stevens Creek*, 915 F.2d at 1357. Three out of the four subsections defining liability contain the word "disposal." *See* § 107(a)(2)–(4). On the other hand, subsection (1), which applies to owners of a "facility," contains no "disposal" requirement. However, while the term "facility" is defined to include a "building," it "does *not* include any consumer product in consumer use." 42 U.S.C. § 9601(9) (emphasis added). Asbestos installed in and in current use in a building would appear to be such a "consumer product in consumer use." *See Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1065–66 (5th Cir.1990).[4] Thus, since the definition itself excludes an in-use consumer product from CERCLA coverage, it was unnecessary to engraft a further "disposal" requirement under subsection (1).

### 2. Congressional Intent

In *Stevens Creek*, the court also based its holding on a second ground—Congressional intent. The court found that the legislative history contained no indication that Congress ever intended CERCLA to create a cause of action for asbestos removal from commercial buildings. This Congressional intent rationale applies equally to the case at bench.

CERCLA's legislative history indicates that its purposes was "to provide for a national inventory of *inactive hazardous waste sites* and to establish a program for appropriate environmental response action to protect public health and the environment from the *dangers posed by such sites*." H.Rep. No. 1016, 96th Cong., 2d Sess., pt. 1 at 17, *reprinted in* 1980 U.S. Code Cong. & Admin.News 6119 (emphasis added). As part of this program, the legislation was to establish "a Federal cause of action in strict liability to enable the Administrator" to recover response costs "from persons liable therefor and to induce such persons voluntarily to pursue appropriate environmental response actions with respect to *inactive hazardous waste sites*." *Id.* (emphasis added). Thus, the legislative history supports the foregoing interpretation that no liability was intended to be imposed on an "owner and operator of a ... facility" at which hazardous substances were not disposed, but at which such substances constituted nothing more than currently used building materials.

Acceptance of plaintiff's interpretation of §§ 107(a)(1) and 107(a)(2) would lead to an anomalous and inequitable result: An owner-builder who happened to have sold the building would be free of CERCLA liability under *Stevens Creek*'s interpretation of § 107(a)(2). But under plaintiff's interpretation of § 107(a)(1), the current owner of the building, whether or not it were the actual installer of the asbestos and, indeed, even if it were a subsequent owner who was ignorant of the fact that the building contained asbestos, would be liable under CERCLA. There is no indication in the legislative history that Congress intended such an unfair distinction.

Finally, plaintiff contends that this case may be distinguished from *Stevens Creek* on its facts. Here, plaintiff did not remove asbestos building material for renovation purposes; it removed asbestos dust which had been released as the result of a fire. Plaintiff attempts to draw a distinction between the "release of asbestos fibers from materials that are part of the structure of a building," and "asbestos dust which emanated from fire-damaged building materials." The court rejects such a distinction. The "asbestos dust" plaintiff removed resulted from the release of asbestos fibers that were originally part of the structure of the building. Whether the asbestos dust is removed as dust, or directly from the building materials themselves, its source is the same.

---

**4.** It was unnecessary to consider this issue in *Stevens Creek* because no contention was there made that a "facility" was not involved. *See* 915 F.2d at 1360 & n. 10. However, *Dayton* is consistent with *Stevens Creek*'s holding that there is no CERCLA claim for "the productive use of a substance." *Id.* at 1362.

## IV. CONCLUSION

The court concludes that the Congressional intent analysis of *Stevens Creek* controls the disposition of this case. Plaintiff cannot state a claim under CERCLA to recover costs incurred in removing asbestos dust which emanates from asbestos installed in and in current use in a commercial building, notwithstanding the fact that the dust resulted from fire damage. Defendants' motion to dismiss is GRANTED.