976 F.2d 525
 35 ERC 1529, 61 USLW 2210, 23 Envtl.
L. Rep. 20,023
 PEOPLE OF the STATE OF CALIFORNIA, Plaintiff,
and
W.J. Anthony, Director of the California Department of
General Services, Plaintiff-Appellant,
v.
Arthur BLECH, Sole General Partner of Commonwealth
Enterprises, a California Ltd. Partnership; and
Commonwealth Enterprises, a California
Limited Partnership,
Defendants-Appellees.
 No. 91-55565.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided Sept. 30, 1992.
 
 Christopher C. Foley, Deputy Atty. Gen., Los Angeles, Cal., for plaintiff-appellant.
 Arthur N. Greenberg, Peter Niemiec, Carol W. Davies, Greenberg, Glusker, Fields, Claman & Machtinger, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before: BROWNING, and FARRIS, Circuit Judges, MacBRIDE,* Senior District Judge.
 PER CURIAM:
 
 
 1
 * The issue in this case is whether the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601-9675 ("CERCLA"), as interpreted in 3550 Stevens Creek Associates v. Barclays Bank of California, 915 F.2d 1355 (9th Cir.1990), creates a right of action by a tenant against a landlord to recover the costs of cleaning up asbestos dust accidentally released into leased space when walls containing asbestos were damaged by fire.
 
 II
 
 2
 Appellant California Department of General Services (the "Department"), a state agency, leased commercial office space from appellee Blech. On March 2, 1989, a fire released asbestos from materials in the walls of the building into the leased space. Asbestos dust covered the floor, furniture, typewriters, and files, making use of the space unsafe. The Department requested Blech abate the hazard. Blech declined to do so. The Department decontaminated the area at its own expense and filed this cost recovery action against Blech under CERCLA section 107(a)(1), (a)(4)(A), which provides: "[T]he owner and operator of a vessel or a facility ... from which there is a release, or threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for ... all costs of removal or remedial action incurred by ... a State...." 42 U.S.C. § 9607(a)(1), (a)(4)(A).
 
 
 3
 Blech moved to dismiss for failure to state a claim upon which relief could be granted. The district court dismissed the action. Anthony v. Blech, 760 F.Supp. 832 (C.D.Cal.1991).
 
 III
 
 4
 We held in Stevens Creek that CERCLA did not authorize the present owner of a building to recover from a prior owner the cost of removing asbestos installed in the building by the prior owner. The suit was brought under CERCLA section 107(a)(2), which provides for recovery from "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of." 42 U.S.C. § 9607(a)(2).
 
 
 5
 We rejected the claim principally on the ground that in installing the asbestos material, the prior owner had not "disposed of" it within the meaning of section 107(a)(2). 915 F.2d at 1359-62.
 
 
 6
 The present suit was brought against the present owner of a building under section 107(a)(1), 42 U.S.C. § 9607(a)(1), rather than against a past owner of a building under section 107(a)(2), 42 U.S.C. § 9607(a)(2). Section 107(a)(1) simply provides for recovery of removal costs from "the owner or operator of ... a facility ... from which there is a release, or threatened release which causes the incurrence of response costs, of a hazardous substance...." As the district court noted, section 107(a)(1) does not condition recovery from a present owner upon the owner's "disposal" of the hazardous substance as does section 107(a)(2). 760 F.Supp. at 835.[1] Thus, the dispute between the parties as to whether failure to abate the asbestos dust constituted a "disposal" is irrelevant to this case.
 
 
 7
 However, Stevens Creek also cited an alternative ground for rejecting the claim for the cost of removing asbestos building material used in a structure. We concluded that, aside from the question of "disposal" under section 107(a)(2), there is no basis for inferring an intention by Congress to create a private cause of action under CERCLA for recovery of the cost of removing asbestos building materials from a structure when no release of hazardous substances outside the structure is alleged. 915 F.2d at 1362-65.
 
 
 8
 As we noted in Stevens Creek, the only discussion of Congress's intent with respect to asbestos removal occurred during the discussion of the so-called "building materials exception" to CERCLA adopted in 1986. Id. at 1363-64. That exception reads: "The President shall not provide for a removal or remedial action under this section in response to a release or threat of release ... from products which are part of the structure of, and result in exposure within, residential buildings or business or community structures." CERCLA section 104(a)(3)(B), 42 U.S.C. § 9604(a)(3)(B).
 
 
 9
 We recognized in Stevens Creek that the plain language of this exception appears to limit its direct impact to remedial actions by the federal government. We concluded, however, that section 104(a)(3)(B) and pertinent legislative history reflected an intention on the part of Congress to exclude from CERCLA recovery by any party of costs incurred under circumstances in which the President was not authorized by CERCLA to respond; specifically, when the release or threatened release is (1) from a product that is part of the structure of the building; and (2) the resulting exposure is wholly within the structure. 915 F.2d at 1363-65.
 
 
 10
 Both circumstances are present in this case: (1) although appellant argues the asbestos dust ceased to be part of the structure when released into the leased space by fire, the release was clearly "from products which are part of the structure," 42 U.S.C. § 9604(a)(3)(B) (emphasis added); and (2) there is no allegation in the complaint that the release resulted in exposure outside the structure itself. Accordingly, CERCLA created no private cause of action for removal costs.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 [1]
 The district court held the "disposal" requirement "unnecessary" because the definition of "facility" in section 107(a)(1) excludes "any consumer product in consumer use," 42 U.S.C. § 9601(9), and asbestos building material is a "consumer product in consumer use." 760 F.Supp. at 836. However, we recognized in Stevens Creek that "the term 'facility' has been broadly construed by the courts, such that 'in order to show that an area is a "facility," the plaintiff need only show that a hazardous substance under CERCLA is placed there or has otherwise come to be located there.' " Stevens Creek, 915 F.2d at 1360 n. 10 (citations omitted). The logical reading of the discussion in Stevens Creek is that we would have held an asbestos-containing building to be a facility had the issue been presented. To the extent there may be ambiguity in Stevens Creek, we now hold that structures containing asbestos building material as distinguished, for example, from containers of such materials for consumer use, satisfy the broad definition of "facility" in CERCLA section 101(9)
 
 
 [2]
 The availability under CERCLA of a private cause of action for response costs for cleanups involving exposure or threatened exposure not wholly contained within a structure is not before us. Neither is the related issue of whether Congress intended to exclude from CERCLA not only releases from building materials that are part of the structure but also any release of a hazardous substance wholly within a closed structure