**Bradley and Cynthia KANE, Plaintiffs,**

v.

**UNITED STATES of America; Allen W. Trammell; Trammell & Co. Real Estate, Inc.; Keith Farris; and Bek Kaiser, R.M., Defendants.**

**No. LR–C–91–355.**

United States District Court,
E.D. Arkansas, W.D.

April 13, 1993.

---

882

G. Steve Napper, Little Rock, AR, for plaintiffs.

Bradley and Cynthia Kane and Janet F. Katz, U.S. Dept. of Justice, Torts Branch–Civil Div., Washington, DC, for defendant, U.S.

## ORDER

ROY, District Judge.

By previous order, the Court took up the defendant UNITED STATES of AMER-

ICA's motion to dismiss or alternatively, for summary judgment, chiefly addressing the issue of whether the "discretionary function exception" ("DFE") to the Federal Tort Claims Act ("FTCA") essentially relieves the United States Department of Veterans Affairs ("VA") of any responsibility to inspect the houses it repossesses for dangerous asbestos and/or to inform potential buyers of the presence of same. This Court found that the DFE applied in this case, and that the defendants were entitled to dismissal on that point. The Court now addresses the plaintiff's claims brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, the Fifth Amendment to the United States Constitution, and the theory of breach of an implied warranty.

## I. CERCLA

The court agrees with the United States' contention that plaintiffs' CERCLA claim is flawed for several reasons. First of all, the Court finds that the house bought by the plaintiffs is not a "facility" within the meaning of CERCLA. Under §§ 9607(a)(1) and (a)(2), liability only attaches to owners or operators of a "vessel or a facility." The term "facility" is defined as:

> (A) any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works), well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock, or aircraft, or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located; *but does not include any consumer product in consumer use or any vessel.*

Section 9601(9) (emphasis added). "Courts have … refused to impose liability where a 'useful' substance is sold to another party, who then incorporates it into a product…." *United States v. ACETO Agricultural Chemicals Corp., et al.,* 872 F.2d 1373 (8th Cir. 1989).

In the case of *Dayton Independent School District v. U.S. Mineral Products, et al.,* 906

F.2d 1059 (5th Cir.1990), the Court of Appeals discussed the "consumer product/use" exemption and flatly rejected a claim that the selling of asbestos-containing building materials constituted "disposing" hazardous materials at a "facility." "Since the building materials are without a doubt consumer products, [the defendant manufacturers and suppliers] cannot be held liable for disposing of asbestos 'at a facility.'" *Id.,* at 1065.

The Court also rejected the argument that the buildings containing the building materials constituted "facilities" under the Act. "One can properly argue that the buildings themselves, into which the asbestos-containing materials were installed, constitute 'useful consumer products' within the meaning of the statute...." *Id.* at 1065 n. 4. Other courts have reached the same conclusion. "Asbestos installed in and in current use in a building would appear to be such a 'consumer product in consumer use.'" *Anthony v. Blech,* 760 F.Supp. 832, 834 (C.D.Cal.1991).

■ Furthermore, this Court holds that the placing of the asbestos in the house was not "disposal" of a hazardous substance within the meaning of the Act. This was also an issue addressed by the Fifth Circuit in *Dayton, supra.*

> [T]here is no possible reasonable interpretation of the term "disposal" that could encompass the commercial sale of asbestos-containing useful building products.... "[T]he sale of a hazardous substance for a purpose other than its disposal does not expose defendant to CERCLA liability." [Citations omitted] ... [I]t is clear that appellants manufactured the asbestos-containing building materials for the primary purpose of creating a new useful and marketable product for the construction industry. Appellants' actions therefore cannot be considered "disposal" within the meaning of CERCLA.

*Dayton,* 906 F.2d at 1065.

Other courts have reached similar conclusions. "[N]o federal court which has considered the placement of asbestos as part of the structure of a building has concluded that it falls within the scope of Section 107(a) [of CERCLA]." *3550 Stevens Creek Assoc. v. Barclays Bank,* 915 F.2d 1355, 1359 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2014, 114 L.Ed.2d 101. Also:

> [t]o extend CERCLA's strict liability scheme to all past and present owners of buildings containing asbestos as well as to all persons who manufactured, transported, and installed asbestos products into buildings, would be to shift literally billions of dollars of removal cost liability based on nothing more than an improvident interpretation of a statute that Congress never intended to apply in this context.

*First United Methodist Church v. United States Gypsum Co.,* 882 F.2d 862 (4th Cir. 1989).

CERCLA's legislative history indicates that its purposes was "to provide for a national inventory of *inactive hazardous waste sites* and to establish a program for appropriate environmental response action to protect public health and the environment from the *dangers posed by such sites.*" H.Rep. No. 1016, 96th Cong., 2d Sess., pt. 1 at 17, *reprinted in* 1980 U.S.Code Cong. & Admin.News 6119 (emphasis added). Nothing in its legislative history, nor in reported case law, indicates to this Court that "liability was intended to be imposed on an 'owner and operator of a ... facility' at which hazardous substances were not disposed, but at which such substances constituted nothing more than currently used building materials."

Thus, even if the VA (or any of the other defendants) had placed the asbestos in the building at the time it was constructed, it is clear that no action would lie under CERCLA. Of course, at the case at bar, plaintiff cannot even allege that. Rather, here we have a situation where the VA had nothing to do with placing the substance in the building. It merely held the building in its inventory a short time between the time it acquired the property and the time it sold same to the Kanes. The plaintiffs' claim under CERCLA must be dismissed.

## II. Fifth Amendment claim

■ The Court now takes up plaintiffs' claim that the presence of the asbestos in the house entitles them to compensation pursuant to the "takings" clause of the Fifth Amendment. Without regard to the merits

of such a claim, it is not disputed that considerably more than $10,000 is being claimed by the plaintiffs. Therefore, plaintiffs' "takings" claim must be brought before the United States Claims Court. *See,* The Tucker Act, 28 U.S.C. § 1491; and the Little Tucker Act, 28 U.S.C. § 1346(a)(2). *See also, Broughton Lumber Company v. Yeutter,* 939 F.2d 1547 (Fed.Cir.1991) ("a claim based on the 'takings' clause for a monetary amount exceeding $10,000 may not be brought in district court pursuant to section 1331.").

### III.  Breach of Warranty

Finally, the Court takes up plaintiffs' claim that "defendant VA has breached its implied warranty of fitness for habitation" by selling them a house containing asbestos. Again, without commenting on the merits of the claim, the Court finds that this is also a matter which should be presented to the Claims Court because it is a claim "founded ... upon [an] express or implied contract with the United States, or for ... damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

### IV.

In summary, pursuant to this Court's previous Order, the VA's motion to dismiss plaintiffs' claim under the FTCA has been granted. The VA's motion to dismiss the CERCLA claim is also granted. Plaintiffs' claims for breach of warranty and an unconstitutional "taking" are transferred to the United States Claims Court per 28 U.S.C. § 1631.

Because these actions dispose of all the claims against the United States, for this Court's purposes, and because there does not exist complete diversity between plaintiffs and the remaining defendants, the remaining claims are dismissed without prejudice.

IT IS SO ORDERED.

### JUDGMENT

In accordance with the Order entered this same date, together with the one entered December 7, 1992, judgment is entered in favor of defendant United States of America and the plaintiffs' complaint is dismissed *with*

prejudice with regard to their Federal Tort Claim and their CERCLA claim; their Fifth Amendment claim and their claim brought under a breach of warranty theory are transferred to the United States Claims Court; all claims against the remaining defendants are dismissed *without* prejudice.